[Civ. No. 3515. Second Appellate District, Division One.—May 4, 1921.]

## LILLY BOLAN et al., Respondents, v. WILLIAM DAVIS GALLAGHER et al., Appellants.

[1] PARTITION — REAL AND PERSONAL PROPERTY — PLEADING — SINGLE CAUSE OF ACTION—GROUND OF DEMURRER.—In an action to secure a decree for the partition of both real and personal property, which was described in a single cause of action, objection that the complaint failed to separately state the causes of action should have been made by demurrer on the ground that several causes of action had not been separately stated as provided by subdivision 5 of section 430 of the Code of Civil Procedure, and the demurrer was properly overruled where made on the ground of misjoinder of causes of action, as provided by subdivision 2 of such section.

[2] ID.—DECREE—FAILURE TO INCLUDE PROMISSORY NOTE — APPEAL — PRESUMPTION FROM RECORD.—A failure to include in the decree in such action a promissory note described in the complaint as being a part of the property sought to be partitioned does not create such an inconsistency as to amount to reversible error, in the absence of a showing in the record on appeal of the evidence which furnished the basis of the judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan Newby for Appellants.

D. Z. Gardner for Respondents.

JAMES, J.—Appeal from a judgment entered in favor of the plaintiff. [1] The defendants who are the appellants here demurred to the complaint of the plaintiffs and, their demurrer being overruled, no answer was filed and the judgment followed as a matter of course. It is claimed here that the court erred in overruling the demurrer. The action was brought to secure a decree for the partition of real and personal property. Sections 752 and 752a of the Code of Civil Procedure (added by Stats. 1919, p. 73) provide for such relief and the latter section provides that "real and personal property may be partitioned in the same action." Appellants particularly insist that their demurrer should have been sustained because the alleged causes of action were not separately stated. It is true that the property sought to be partitioned, both real and personal, was described in the single cause of action alleged in the complaint. However, appellants' demurrer did not include the ground which is sought to be given effect here. Subdivision 5 of section 430 of the Code of Civil Procedure, which section enumerates the various grounds for demurrer, provides that objection may be taken—"5. That several causes of action have been improperly united or not separately stated." Ground 2 as stated in appellants' demurrer is "that there is a misjoinder of causes of action, to wit: A cause of action for the partition of real property and a cause of action for the partition of personal property." Section 431 of the Code of Civil Procedure declares, in part, as follows: "The demurrer must distinctly specify the grounds upon which any of the objections to the complaint are taken. Unless it does so, it may be disregarded. . . . " The demurrer as presented to the court was properly overruled. [2] We find no merit in the contention that, because a certain promissory note described in the complaint as being a part of the property to be partitioned was not included within the terms of the decree, there is an inconsistency between the allegations of the complaint and the judgment, which amounts to a prejudicial error entitling the appellants to complain. The

record on appeal does not show what evidence was heard which furnished to the court the data upon which to base the judgment. It may well have been as respondent states, that such evidence showed that the promissory note referred to had been sold prior to the making of the decree, in which case it was properly excluded from the terms of the latter. The presumptions are in favor of the judgment in the absence of an affirmative showing in the record that the decision is erroneous.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.